## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| JAAFAR TSOULI-MOUFID | : |
| *Plaintiff*, | : |
| | : |
| vs. | :      Civil Action No.: 2:19-cv-5400-GEKP |
| CREDIT CONTROL, LLC | : |
| *Defendant* | : |
| | : |

_____

<u>Plaintiff's Motion for Dismissal with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)</u>

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, Plaintiff hereby movies to dismiss his Complaint with Prejudice.

Plaintiff will rely on the accompanying memorandum of law. For the reasons appearing therein Plaintiff's Motion should be granted. The text of a proposed order is attached.

Dated: April 2, 2020                                Respectfully submitted,

**DAVIS CONSUMER LAW FIRM**

By: <u>Fred Davis, Ed of PA ID #4961</u>
Attorney for Plaintiff, JAAFAR TSOULI-MOUFID
2300 Computer Rd.-Ste G39
Willow Grove, PA 19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

1

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

 JAAFAR TSOULI-MOUFID          :

*Plaintiff,*                           :

                                        :

vs.                                      :          Civil Action No.: 2:19-cv-5400-GEKP

CREDIT CONTROL, LLC            :

*Defendant*                          :

                                        :

_____

<u>Plaintiff's Memorandum of Law in Support Motion for Dismissal with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2)</u>

Dated: April 2, 2020                          Respectfully submitted,

**DAVIS CONSUMER LAW FIRM**

By: <u>Fred Davis, Ed of PA ID #4961</u>
     Attorney for Plaintiff, JAAFAR TSOULI-
     MOUFID
     2300 Computer Rd.-Ste G39
     Willow Grove, PA 19090
     Tel – 1-855-432-8475/Facsimile-1-855-
     435-9294
     Email: fdavis@usacreditlawyer.com

## Table of Contents

                                                    Page(s)

Table of Authorities.......................................        4

Background......................................................        5-6

Memorandum of Points and Authorities..............        7-9

Table of Authorities

*Caselaw*:                                                              Page(s):

Landon v. 7 Hunt, 977 F.2d 829, 832–33 (3d Cir. 1992)............        7


Lawlor v. Nat'l Screen Serv. Corp., 349 U.S. 322, 327 (1955)...         7

Watson v. Clark, 716 F. Supp. 1354, 1355 (D. Nev. 1989)
aff'd, 909 F.2d 1490 (9th Cir. 1990).......................................        8

Westlands Water District v. United States, 100 F.3d 94, 96
(9th Cir. 1996).......................................................................        8

Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001)...............        8


*Rules of Court*:

Fed R.Civ. P. 41(a)(2)..............................................................        7,8


*Treatises*:

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2367

(1995).....................................................................................        8

**Background[1]:**

On October 15, 2019, Plaintiff filed the instant Complaint in the Chester County Court of Common Pleas. The suit alleged violations of the Fair Debt Collections practices Act and the Pennsylvania Consumer Protection and Unfair Trade Practices Law. On November 14, 09, Defendant removed the case to the Eastern District, and on November 22, 2019 filed its Answer and Disclosure Statement Form. On December 2, 2019 the Court issued a Scheduling Order. On December 4, 2019, Plaintiff served discovery requests upon counsel for Defendant, and on December 5, 2019 Defendant served a notice of deposition on counsel for Plaintiff (for December 20, 2019). On January 2, 2020, Defendant requested and Plaintiff agreed to additional time to complete its discovery responses. On January 10, 2020 Defendant again requested more time to complete its discovery responses, to which Plaintiff agreed. On January 13, 2020, having not yet received Defendant's discovery responses, counsel for Plaintiff inquired into the status, and asked informed counsel for Defendant that voluntary dismissal with prejudice was available but Plaintiff needed the discovery responses to make an informed decision. On December 14, 2020, Defendant relayed its discovery response via email.

Counsel for Plaintiff reviewed the responses and noted they lacked a validation request, which Defendant subsequently forwarded. Counsel for Plaintiff further noted that Defendant's discovery responses were replete with objections and opaquely coded documents. While the responses did reveal

---

[1] The discussions surrounding these events can be found in Exhibit "A".

voluminous phone calls, Plaintiff sought to avoid protracted discovery motion practice, and on January 15, 2020 offered to stipulate to dismissal with prejudice. Defendant refused, and insisted that Plaintiff file a motion. Defendant has not filed any motions or served any paper discovery.  The current date for arbitration is April 15, 2020.

This motion is based on this Motion and the attached Memorandum of Points and Authorities.

Dated: April 2, 2020                           Respectfully submitted,

                                                          **DAVIS CONSUMER LAW FIRM**

                                                          By: <u>Fred Davis, Ed of PA ID #4961</u>
                                                          Attorney for Plaintiff, JAAFAR TSOULI-MOUFID
                                                          2300 Computer Rd.-Ste G39
                                                          Willow Grove, PA 19090
                                                          Tel – 1-855-432-8475/Facsimile-1-855-435-9294
                                                          Email: fdavis@usacreditlawyer.com

## MEMORANDUM OF POINTS AND AUTHORITIES

A dismissal with prejudice "operates as an adjudication on the merits," so it ordinarily precludes future claims. <u>Landon v. 7 Hunt</u>, 977 F.2d 829, 832–33 (3d Cir. 1992); accord <u>Lawlor v. Nat'l Screen Serv. Corp.</u>, 349 U.S. 322, 327 (1955).

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides, in part:

[A]n action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. . . . Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2).

A district court in this circuit should generally grant a Rule 41(a)(2) dismissal in the absence of plain legal prejudice to defendant. <u>Barron v. Caterpillar, Inc.</u>, No. CIV. A. 95-5149, 1996 WL 460086, at *1 (E.D. Pa. Aug. 7, 1996) (citations omitted). In assessing whether "legal prejudice exists, the court must weigh the relevant equities and do justice between the parties in each case." <u>Id</u>. at *2 (citation omitted). "Courts generally consider any excessive and duplicative expense of a second litigation; the effort and expense incurred by a defendant in preparing for trial; the extent to which the pending litigation has progressed; and the claimant's diligence in moving to dismiss." <u>Id</u>. (citation omitted).

If the plaintiff moves under Rule 41(a)(2) for voluntary dismissal, specifically requesting dismissal with prejudice, it has been held that the district court must grant that request. On the other hand, if the plaintiff either moves for dismissal without prejudice or fails to specify whether the request is for dismissal with or without prejudice, the matter is left to

the discretion of the court. The court may grant dismissal without prejudice or may require that the dismissal be with prejudice.

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2367 (1995).

The law is clear that, in the 41(a)(2) construct, a plaintiff's request for dismissal should be "liberally granted" so long as the defendant will not be legally prejudiced. Watson v. Clark, 716 F. Supp. 1354, 1355 (D. Nev. 1989) aff'd, 909 F.2d 1490 (9th Cir. 1990); see also Westlands Water District v. United States, 100 F.3d 94, 96 (9th Cir. 1996) ("Westlands"). Legal prejudice does not arise merely because a dispute is left unresolved, from the threat of future lawsuits, or from a "missed opportunity for a legal ruling on the merits." Watson, 716 F. Supp. at 1355; Smith v. Lenches, 263 F.3d 972, 976 (9th Cir. 2001).

In the instant matter, nothing militates against grating Plaintiff's motion. While Defendant's refusal to stipulate to dismissal with prejudice and subsequent submission of its arbitration exhibits is somewhat peculiar, this does not mean that Defendant has suffered or will suffer any prejudice. In fact, the opposite is true, and this motion would not even be necessary had Defendant simply agreed months ago to dismiss the matter with prejudice.

Given the unremarkable procedural posture of this case, the fact that Plaintiff took all steps necessary to contain costs and aide judicial economy, this motion should be granted. Plaintiff candidly submits also that given the comparatively low value of this case and the current state of affairs within our

8

region and throughout the world, there is no need for further litigation in this

matter.

Dated: April 2, 2020                                Respectfully submitted,

**DAVIS CONSUMER LAW FIRM**

By: <u>Fred Davis, Ed of PA ID #4961</u>
     Attorney for Plaintiff, JAAFAR TSOULI-
     MOUFID
     2300 Computer Rd.-Ste G39
     Willow Grove, PA 19090
     Tel – 1-855-432-8475/Facsimile-1-855-
     435-9294
     Email: <u>fdavis@usacreditlawyer.com</u>