IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAAFAR TSOULI-MOUFID,<br><br>PLAINTIFF,<br><br>v.<br><br>CREDIT CONTROL, LLC,<br><br>DEFENDANT. | Case No: 2:19-cv-05400-GEKP |

## DEFENDANT CREDIT CONTROL, LLC'S
## RESPONSE TO PLAINTIFF'S MOTION TO DISMISS

Defendant Credit Control, LLC ("Credit Control"), by and through its undersigned counsel, hereby responds to Plaintiff's Motion to Dismiss with Prejudice as follows:

1. Credit Control does not oppose the dismissal of this action with prejudice and the cancellation of the arbitration scheduled for April 15, 2020. However, Credit Control requests that this Court retain jurisdiction to consider its motion for fees and costs.

2. Credit Control did not agree to enter a stipulation of dismissal by which each party agreed to bear its own fees and costs because, for the reasons outlined below, Credit Control intends to bring a motion for fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, and/or the Court's inherent power.

3. The operative claims asserted in Plaintiff's complaint had absolutely no basis in fact and are clearly contradicted by Defendant's records. Moreover, Plaintiff and his counsel knew that those claims had no factual basis when the Complaint was filed in state court and when Plaintiff pursued discovery following removal to this Court.

1

4. Among the baseless claims asserted in the Complaint, which Plaintiff knew or should have known to be false are:

    a. "Plaintiff alleges and avers that Defendant contacted Plaintiff at irregular times and places, and often hung up before identifying itself, only to call right back, in violation of 15 U.S.C. §§ 1692c(a)(1) and d." *Complaint* at ¶ 14.

    b. "Plaintiff alleges and avers that Defendant sought to collect amounts comprised largely of improper fees and/or interest, and Defendant's collection efforts were thus in violation of 15 U.S.C. §§ 1692e and f." *Complaint* at ¶ 15.

    c. "Plaintiff alleges and avers that Defendant's letter fails to inform Plaintiff that litigation premised on the alleged debt is barred by the applicable statute of limitations…" *Complaint* at ¶ 16.

    d. "Plaintiff alleges and avers that there is no written agreement between Plaintiff and AMERICAN HONDA FINANCE CORPORATION authorizing third-party collection of any debts or evidencing the opening of an account, and Defendant's collection efforts are not authorized by law or contract, in violation of 15 U.S.C. §§ 1692e and f." *Complaint* at ¶ 17.

    e. "Plaintiff alleges and avers that Defendants' (sic) repeatedly and continuously called Plaintiff telephonically, as well as unrelated third-parties, at irregular times and places, and failed to identify itself and inform Plaintiff of his rights, in violation of 15 U.S.C. §§§ 1692c(a)(1), d and g." *Complaint* at ¶ 18.

    f. "Plaintiff alleges and avers that Defendants communicated false credit information by failing to notify the major credit bureaus of the actual status of the

alleged 'debt,' despite repeated notice that Plaintiff disputed same, in violation of 15 U.S.C. § 1692e." *Complaint* at ¶ 19.

5. Credit Control's records show that these allegations are completely baseless. Furthermore, these assertions were not made by mistake. Plaintiff knew, or could have easily discovered through the most cursory pre-suit investigation, that:

    a. Plaintiff entered and signed a Closed-End Vehicle Lease Agreement with Honda Financial Services ("Honda") on April 20, 2016.

    b. All amounts that Credit Control attempted to collect were authorized Plaintiff's agreement with Honda.

    c. Plaintiff made payments on his obligation to Honda through November 2017, meaning that the debt could not have been barred by any statute of limitations when Credit Control made its collection attempts in 2018.

    d. Credit Control did not credit report the debt to any credit bureau, thus Plaintiff had no basis for alleging that Credit Control reported false credit information. Also, Plaintiff never communicated with Credit Control and certainly never disputed the debt to Credit Control, thus Credit Control had no reason to report that the debt was disputed.

    e. Credit Control never placed any calls in the manner or frequency alleged in the Complaint.

6. Credit Control intended to take Plaintiff's deposition to create a record showing that his allegations were without merit and that the Complaint was brought in bad faith and for the purpose of harassing Credit Control into paying a "nuisance" settlement. However, Plaintiff decided to dismiss his claims rather than appear for deposition.

7.      As the emails attached to Plaintiff's Motion to Dismiss demonstrate, Plaintiff's counsel continued to push for a settlement even after Credit Control had produced documents showing that the allegations in the Complaint were false. Two days before the scheduled deposition, Plaintiff's counsel proposed a settlement for $750.00, plus an agreement to cease contact and credit reporting (Credit Control had already ceased contact and it never credit reported Plaintiff's account). This final demand was obviously based on a hope that Credit Control would be unable to prove that it provided the notice required by 15 U.S.C. § 1692g. After Credit Control produced a copy of the letter containing the § 1692g notice, Plaintiff's counsel agreed to dismiss the complaint on the eve of Plaintiff's deposition.

8.      This is the fourth case defended by Credit Control in two years in which Plaintiff's counsel asserted similar allegations, all without any basis in fact and often using the exact wording found in the Complaint in this case. Each of the prior three cases was voluntarily dismissed following Credit Control's response to written discovery, and notably before Credit Control was able to take the deposition of the Plaintiff.

9.      Each time Credit Control is forced to defend one of these meritless cases, it incurs attorneys' fees. Moreover, Credit Control's business is interrupted, and it is required to devote staff and other resources to answer discovery requests that can only be characterized as a "fishing expedition."

10.     Understandably, Credit Control has decided that four cases of this type are enough, and it intends to seek its fees and costs in defending this case.

11.     Credit Control requests that this Court retain jurisdiction to consider Credit Control's motion for sanctions, and that it allow Credit Control twenty-one (21) days, or until April 24, 2020, to file its motion and its memorandum of law.

**WHEREFORE**, Credit Control, LLC requests that this Honorable Court dismiss Plaintiff's claims with prejudice, retain jurisdiction to consider Credit Control's motion for sanctions, and grant Credit Control twenty-one (21) days in which to file its motion and memorandum of law.

Dated: April 3, 2020

                                                   Respectfully submitted,

                                                   MAURICE WUTSCHER, LLP
                                                   Attorneys for Defendant
                                                   Credit Control, LLC

                                                   By: *Shannon Miller*
                                                 Shannon P. Miller, Esq.
                                                 10 W. Front St.
                                                 Media, PA 19063
                                                 (215) 789-7157
                                                 smiller@mauricewutscher.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct of the foregoing response was served on this date via the electronic filing system:

    Fred Davis, Esq.
    Davis Consumer Law Firm
    2300 Computer Road, Suite G39
    Willow Grove, PA 19090
    855-432-8475
    fdavis@usacreditlawyer.com

April 3, 2020

                                                   /s/ *Shannon Miller*
                                                 Shannon Miller, Esq.