IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAAFAR TSOULI-MOUFID,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **CREDIT CONTROL, LLC,** | : | **No. 19-5400** |
| *Defendant* | : | |

## ORDER

AND NOW, this 15th day of April, 2020, upon consideration of Jaafar Tsouli-Moufid's Motion for Dismissal with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(1) (Doc. No. 7) and the response in opposition (Doc. No. 8), it is **ORDERED** that Credit Control, LLC may submit a motion concerning attorneys' fees and costs and/or sanctions on or before April 30, 2020, 2020.[1]

BY THE COURT:

*/s/ Gene E.K. Pratter*

**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**

---

[1] Pursuant to Federal Rule of Civil Procedure 41(a)(2), Mr. Tsouli-Moufid moves to dismiss his complaint brought against Credit Control, LLC with prejudice. Although Credit Control does not oppose dismissing the action with prejudice, it requests the Court's permission to move for attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, and/or the Court's inherent power.

Rule 41(a)(2) permits an action to be "dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Attorneys' fees and costs are typically not awarded where a matter is voluntarily dismissed with prejudice. *Carroll v. E One Inc.*, 893 F.3d 139, 140 (3d Cir. 2018). However, a district court may grant such an award in the presence of "exceptional circumstances." *Id.* "Exceptional circumstances include a litigant's failure to perform a meaningful pre-suit investigation, as well as a repeated practice of bringing meritless claims and then dismissing them with prejudice after both the opposing party and the judicial system have incurred substantial costs."

In its response in opposition, Credit Control contends that Mr. Tsouli-Moufid "knew, or could have easily discovered through the most cursory pre-suit investigation" information that would render his allegations "completely baseless." Resp. in Opp'n at 3 (Doc. No. 8). Moreover, Credit Control asserts that this is the fourth case in two years that Mr. Tsouli-Moufid's counsel has asserted against Credit Control "without any basis in fact." *Id.* at 4.

Because this matter could at least plausibly present an exceptional circumstance warranting an award of attorneys' fees and costs, the Court permits Credit Control to file a motion concerning attorneys' fees and costs and/or sanctions to be decided in conjunction with the Rule 41(a)(2) motion.